[No. 1257.]

McKinnon et al. v. Hall, Administrator.

1. Practice—Jurisdiction.
Where the subject-matter of litigation is outside the jurisdiction of the court the consent of the parties cannot confer jurisdiction.
2. Estates of Decedents—Jurisdiction of Courts.
The county courts have original jurisdiction of the settlement of the estates of deceased persons, and all questions of law and fact relating to probate matters must be determined by the county court, and from the decisions of that court appeals and writs of *certiorari* lie to the district court.  There is no other way in which the district court can acquire jurisdiction of any matter pertaining to the administration of an estate, except where the county judge is himself interested in the estate.

*Error to the District Court of Gilpin County.*

Mr. Chase Withrow and Mr. W. C. Fullerton, for plaintiffs in error.

Mr. J. McD. Livesay, for defendant in error.

THOMSON, P. J., delivered the opinion of the court.

Whatever may be said concerning this proceeding, it is certainly novel. We can find no precedent for it, and we know of no principle of law upon which it can be upheld.

Bell McKinnon, Gay Clifton McKinnon and Jesse McKinnon filed a complaint in the district court, the allegations of which were that Bell was the widow, and Gay Clifton and Jesse were the children of John McKinnon who died in 1889. That Hervey H. Hall was the administrator of his estate; that certain claims against the estate had been exhibited and allowed in the county court, and certain payments made upon them by the administrator; that he had, in fraud of the creditors and heirs, paid claims which had never been proved, exhibited or allowed; that he had never accounted for or reported to the county court the rents, issues and profits of the real estate; that he had not paid the taxes assessed against the improvements on the land; that the widow did not receive the allowance from the estate to which she was entitled until 1891; that on account of his willful delay in administering the estate, numerous suits had been brought and were pending against the estate in the county court and in the district court, and against the administrator and his bondsmen; that certain parties had filed petitions in the county court, after the lapse of the time within which their claims could legally be exhibited, to be let in and made creditors of the estate, which petitions had been denied by the county court, and appeals taken to the district court where the causes were then pending; that the administrator had not made reports of his doings to the county court as required by law; that he had paid out money of the estate without the order of the county court; that he was indebted to the widow for services rendered to the estate at his request, and for board and lodging, and farm produce, furnished at his request, for which she had brought suit against him; that by reason of the facts alleged, the estate could not be settled in the county court without great delay; and that the powers

of the county court were inadequate to a speedy settlement
of the estate on account of the suits and appeals. The com-
plaint concluded with a prayer that the district court take
charge of the estate, cause the records and files in the county
court to be transferred to it, remove the administrator and.
appoint another, and proceed to a speedy settlement of the
estate.

The complaint is a voluminous document, but the sum-
mary of its principal statements which we have given, is
sufficient to make what we may have to say in relation to
the case understood.

The defendants answered, denying all allegations of the
complaint which involved charges of fraud, and by the con-
sent of both sides the court took jurisdiction and proceeded
to a hearing. At that hearing the court summarily disposed
of all the cases against the administrator, and also all unde-
termined motions in the matter of the estate, dismissed all
suits upon the administrator's bonds pending before it at
the costs of the several plaintiffs, and ordered the adminis-
trator to file an additional inventory, and make a full report
of the moneys received and paid out by him. The plaintiffs
were dissatisfied with the judgment, and brought the case
to this court by writ of error. The arguments here deal ex-
clusively with the facts in controversy, the rulings during
the hearings and the final judgment. It seems to be assumed
on both sides that because the parties consented that the case
presented might be heard and determined by the court, upon
the allegations of the pleadings, and such evidence as might
be introduced in their support, therefore the court was au-
thorized to proceed to a hearing, and render its judgment
on the merits of the case. But if the subject-matter of the
litigation was outside of the jurisdiction of the court, its
judgment is not aided by the consent given. The jurisdic-
tion of courts is defined by the law, and where it does not
legally exist, no consent of parties can confer it. There
was no suggestion of want of jurisdiction made in the dis-
trict court, and none is made here, but where such want

appears upon the face of the record we are compelled to notice it.

The purpose of the complaint was to remove the entire administration of the estate, and all the records and files pertaining to it, from the county court into the district court, to summarily dispose of all questions and litigation which had arisen in connection with the administration, and to proceed independently to a speedy settlement of the estate. Accordingly the court made an order divesting the county court of further jurisdiction. It also made orders dismissing cases theretofore brought against the administrator and the sureties on his bond, and disposed of motions and other proceedings against the estate, and all this in a suit to which the adverse litigants were not parties. Such orders were outside of any power of the court, and yet the purpose of the complaint, as shown by its allegations and prayer, was to obtain them.

Saying nothing further concerning the void proceedings of the court after it undertook jurisdiction, it had no authority to take charge of the estate at all. By article 6, section 23, of the constitution, county courts have original jurisdiction of the settlement of the estates of deceased persons. The statute prescribes the manner in which the administration shall be conducted and the settlement effected. It provides that all questions of law and fact relating to probate matters shall be determined by the county court, and that from the decisions of that court in such matters, appeals or writs of *certiorari* shall lie to the district court. There is no other way in which the district court can acquire jurisdiction of any matter pertaining to the administration of an estate, except where the county judge is himself interested in the estate as heir, devisee, legatee or otherwise, and that is not this case. General Stats. secs. 508, 509.

If the administrator has abused his trust, the statute affords ample remedy to the persons injured, by application to the court to which he is answerable, or by suit on his bond. It was the duty of the court upon an inspection of the

complaint, without motion, to refuse to entertain it, and the judgment will be reversed, with instruction to dismiss the proceeding.

*Reversed.*