## [No. 4075.]

## McCarthy et al. v. Crump et al.

1. Appellate Practice—Jurisdiction.

The court will of its own motion notice the question of jurisdiction.

2. Appellate Practice—Jurisdiction of Supreme Court,—Causes Transferred from Court of Appeals.

The supreme court has no jurisdiction to review a cause trans-

ferred from the court of appeals unless it would have jurisdiction to review the judgment of the lower court if taken directly to the supreme court by the same form of procedure adopted in taking it to the court of appeals.

3. Same—Appeals and Writs of Error.

Section 388a Mills Ann. Code providing that where an appeal is dismissed for want of jurisdiction and it appears that the court would have jurisdiction if the cause had come up on writ of error, the cause shall be docketed as pending on writ of error applies only to causes appealed directly from the lower court and not to causes appealed to the court of appeals and transferred to the supreme court.

*Appeal from the County Court of Gunnison County.*

*Transferred from Court of Appeals.*

Mr. Dexter T. Sapp for appellants.

Mr. Thos. C. Brown for appellees.

*Per Curiam.*—This action was originally commenced in the county court of Gunnison county by appellees, as plaintiffs, to recover from appellants, as defendants, upon an alleged contract for services. The trial resulted in a judgment in favor of plaintiffs in the sum of two thousand dollars and costs, and also sustaining the attachment issued in aid of their action. From that judgment the defendants appealed to the court of appeals and docketed the cause there April 7, 1899. On motion of plaintiffs the cause was transferred to this court. Defendants have raised no question regarding the jurisdiction to entertain the appeal, but that is one which the court will notice of its own motion—*Whipple v. Stevenson,* 25 Colo., 447; *McKinnon v. Hall,* 10 Colo. App., 291; for without jurisdiction it would be idle to pronounce a judgment on the merits. There is no question involved which gives this court jurisdiction to entertain the appeal. The question presented relates wholly to the one of

Vol. 28-20

whether or not plaintiffs are entitled to the judgment on their contract. This is less than the jurisdictional amount. The liability of defendants is in no manner dependent upon the solution of any questions relating to those matters which, under the act regulating appeals and writs of error, determine the jurisdiction of this court independent of the amount of the judgment sought to have reviewed. No judgment has been pronounced by the court of appeals. The cause now stands the same as an appeal direct from the county to this court. In this form the supreme court is without jurisdiction by the express provisions of the act creating the court of appeals. The fact that the cause was first appealed to the latter tribunal, does not change the situation. By the act creating the court of appeals, it was provided that any cause taken to that tribunal which was not within its final jurisdiction might be transferred to the supreme court on motion of the appellee, or defendant in error, under prescribed conditions—Sec. 406o Mills Ann. Code. In 1899 the act was amended, whereby it was provided that in causes taken to the court of appeals, either on error or appeal, of which that tribunal did not have the final jurisdiction, the judgment in such case should be final, unless the defendant in error, or appellee, moved to transfer it to the supreme court within a prescribed time—Session Laws 1899, p. 172 *et seq.* Whether this cause was transferred by appellees under the provisions of the act creating the court of appeals as originally passed, or by virtue of the above amendment, is immaterial. It certainly was the clear intent of the legislature in either case that two conditions must exist before the appellees or defendants in error in any cause pending in the court of appeals could transfer it to this court, namely: (1) That the amount of the judgment gave this court jurisdiction, or other questions were involved which gave it authority to review the judgment of the inferior tribunal; (2) That the supreme court was vested with jurisdiction to review the judgment under the procedure adopted by which

it was taken to the court of appeals; so that, if a case was taken to the court of appeals from an inferior tribunal on appeal, it could not be transferred to the supreme court unless the latter could also take jurisdiction on appeal. Any other construction would lead to the anomaly that this court would be required to review the judgment of inferior tribunals on appeal which, by the express terms of the law, it is inhibited from doing.

The provision of section 388a, Mills Ann. Code, which provides that if an appeal to this court shall be dismissed for lack of jurisdiction to entertain it, but that the court would have jurisdiction on error, it shall be redocketed as pending on writ of error, has no application. That section is applicable to those cases originally brought here on appeal. The cause is remanded to the court of appeals.

*Remanded.*