**[Nos. 4355, 4356, 4357.]**

## LITCH v. THE PEOPLE EX REL. THE TOWN OF STERLING.

**APPELLATE PRACTICE—JURISDICTION OF SUPREME COURT.**

The supreme court has no jurisdiction to review a cause transferred from the court of appeals unless it would have jurisdiction of the cause if brought to the supreme court direct from the trial court by the same procedure adopted in taking it to the court of appeals. Where a cause is taken to the court of appeals by appeal which the supreme court has not jurisdiction to review on appeal from the lower court, it may not be transferred to the supreme court although the supreme court would have jurisdiction to review the cause brought direct from the lower court on writ of error. And the fact that the appeal was subject to dismissal because not prayed for within the statutory time does not modify the rule.

*Appeals from the County Court of Logan County.*

*Transferred from Court of Appeals.*

On Motions to Vacate Orders Dismissing Appeals and Redocketing on Error and to Remand to the Court of Appeals.

Messrs. ALLEN & WEBSTER and Mr. H. E. MUNSON for appellant.

Mr. GEORGE E. MCCONLEY for appellee.

*Per Curiam.*—These actions were originally instituted before the police magistrate of the town of Sterling, by filing complaint, charging the appellant with the violation of a certain ordinance of that town. From judgments finding him guilty, and assessing fines, he appealed to the county court, where, on trials *de novo*, he was again found guilty, and fines assessed. From these judgments he appealed to the court of appeals, from whence, on motion of appellee, the causes were transferred to this court. Thereafter appellee moved to dismiss and redocket upon error, for the reason that the appeals from the county court to the court of appeals were not prayed for within the statutory time. These motions were sustained. Appellant now moves to vacate each of these orders and remand to the court of appeals, for the reason that this court was without jurisdiction to entertain the motions of appellee to dismiss and redocket on error. At the time these motions were determined, no question was raised by either party with respect to the jurisdiction of this court, nor was that subject considered. It appears from an examination of the records, that the money judgment rendered in each case is less than the sum of twenty-five hundred dollars, exclusive of costs, and that no question involving a franchise, freehold, or the construction of a provision of the constitution of this state or the United States is presented. We have recently held, in the case of *McCarthy v. Crump,* ante p. 398 that under the law regulating the jurisdiction of the court of appeals and of this court, to review the judgments of inferior tribunals, and the law with respect to transferring causes from the court of appeals to this court, that a cause could not be transferred from the court of appeals to this tribunal unless the amount of the judgment gave this court jurisdiction, or questions were involved which gave it authority to review the judgment of the inferior tribunal, and that it could be reviewed here under the procedure by which it was taken to the court of appeals. The conclusion fairly deducible from this ruling is, that if a case is taken to the court of appeals

from an inferior tribunal on appeal, it cannot be transferred to the supreme court, unless the latter could also take jurisdiction on appeal.

As an additional reason to those given in *McCarthy v. Crump, supra,* why this rule obtains, we notice that the law provides (Laws 1899, p. 174,) that when a cause is transferred from the court of appeals to the supreme court, that all bonds and other obligations shall remain in full force and effect. This could not result if an appellee was permitted to transfer an appeal from the court of appeals to this court of which it did not have jurisdiction on appeals, but might have on error, if, after the transfer, the appellee could have the appeal dismissed for want of jurisdiction. A party defeated before a trial court has the right to elect to which of the two appellate tribunals he will take his cause for review, either on appeal or error, and the appellee, or defendant in error, cannot deprive him of his right to select the court of appeals unless the appellee or defendant in error has the clear right to transfer the cause to this tribunal, and as we have already stated, that right does not exist unless the cause can be reviewed here under the procedure adopted by which it was first taken to the court of appeals.

The fact that the appeals in these cases were subject to dismissal because not prayed for within the statutory time, does not modify this rule. They were taken to the court of appeals, and this tribunal was without jurisdiction to entertain them in the first instance, for any purpose except to remand. The motions of the appellant are sustained, and the causes remanded to the court of appeals.

*Motions Sustained and Causes Remanded.*