[No. 4153.]

THE CITY OF DENVER V. MARSELIS.

APPELLATE PRACTICE—JURISDICTION—CAUSE TRANSFERRED FROM COURT OF APPEALS.

The supreme court has no jurisdiction to entertain a cause transferred from the court of appeals, unless it would have jurisdiction of the cause if taken directly from the lower court to the supreme court by the same procedure adopted in taking it to the court of appeals.

*Appeal from the County Court of Arapahoe County.*

*Transferred from Court of Appeals.*

Mr. JAMES M. ELLIS and Mr. N. B. BACHTELL for appellant.

Mr. GEORGE C. NORRIS, for appellee.

*Per Curiam.*—This action was commenced by appellee to recover from the city on an alleged money demand. From a judgment in his favor, the city appealed to the court of appeals. By stipulation of parties the cause has been transferred from that tribunal.

The sole question presented for determination is, whether or not appellee is entitled to recover the judgment rendered by the trial court. No questions involving a franchise, freehold, or the construction of a provision of the constitution of this state or of the United States are presented. The judgment is for less than the jurisdictional amount. Under the law regulating appeals this court is without jurisdiction to entertain the appeal. Mills Ann. Code § 406a; Laws 1899, p. 172. Hence, under the law regulating the transfer of causes from the court of appeals to the supreme court, a cause cannot be transferred unless the supreme court can take jurisdiction under the procedure by which it was taken to the court of appeals.

*Litch v. People,* 28 Colo. 480; 65 Pac. Rep. 633; *McCarthy v. Crump,* 28 Colo. 398; 65 Pac. Rep. 49.

The cause must be remanded to the court of appeals, and it is so ordered.

*Remanded to the court of appeals.*