[No. 4330.]

CURRIER v. CLARK.

**Appellate Practice—Jurisdiction of Supreme Court.**

The supreme court has no jurisdiction to review a cause transferred from the court of appeals, that was taken to that court by appeal, unless the supreme court would have had jurisdiction of the same cause on appeal direct from the trial court.

*Appeal from the County Court of Weld County.*

*Transferred from Court of Appeals.*

Mr. C. D. TODD, for appellant.

Messrs. ESTEB & WOLFF and Mr. H. N. HAYNES, for appellee.

*Per Curiam:*—From a money judgment in the sum of $1,020 rendered against him in the county court of Weld county, the appellant, Henry F. Currier, took the case by appeal to the court of ap-

peals. Upon the application of Clark, the appellee, the cause was transferred here, upon the supposition that this court had jurisdiction under our court of appeals act to determine it. The supreme court has, by the constitution, jurisdiction to review every final judgment of a county court by a writ of error. This case was lodged in this court in January, 1900. Thereafter, and at the April (1901) term, in the case of *McCarty v. Crump,* reported in 28 Colo. 398, it was held that if a judgment of an inferior tribunal is taken for review to the court of appeals by an appeal, it could not be transferred from that court to the supreme court unless the latter could also take jurisdiction on appeal. The same doctrine was re-affirmed in *Litch v. The People,* 28 Colo. 480, and in later cases.

The supreme court could not take jurisdiction of this cause if brought directly from the county court by appeal, but only on a writ of error. It follows that it has no jurisdiction over the cause when transferred from the court of appeals, since it came to the latter tribunal by a procedure other than by error. The cause is, therefore, remanded to the court of appeals.

*Remanded.*