## No. 4153.

### CITY OF DENVER *v.* MARSELIS.

OFFICER DE JURE—*Salary.* An officer *de jure* of a municipality, unlawfully excluded from his office, cannot recover from the corporation the salary which it has already paid to the usurper.

*Appeal from Arapahoe County Court, Hon. Robert W. Steele, Judge.*

Mr. JAMES M. ELLIS, Mr. N. B. BACHTELL, Mr. JAMES A. MARSH, Mr. THOMAS H. GIBSON, for appellant.

Mr. JOHN T. BOTTOM, Mr. GEORGE C. NORRIS, for appellee.

Chief Justice Hill delivered the opinion of the court:

THIS action was instituted on May 19th, 1899, by the appellee. It was brought in the County Court of what was then Arapahoe County to recover from the appellant the salary as an alleged *de jure* alderman of the City and County of Denver, during the period the office was held by another. Judgment was in his favor for the amount claimed. The city appealed the case to the then Court of Appeals. By stipulation, it was transferred to this court, and for the reasons stated in *City of Denver v. Marselis*, 29 Colo. 79, it was ordered remanded to the Court of Appeals. Nothing further seems to have been done concerning it during the life of that court. When it ceased to exist by

constitutional amendment, its unfinished business was transferred to this court. No further action was taken concerning it during the existence of the last Court of Appeals, hence, regardless of the discussion concerning its ancient history, or which side is responsible for its not having been called to the attention of the court and disposed of many years ago, we find it here for decision and feel it our duty to be governed accordingly.

The record discloses that upon the returns from the election, at which the appellant claims to have been elected, one Peter Fidel, according to the vote as returned by the judges of election, was declared duly elected to said office; that he took the oath of office, was sworn in and acted as such alderman and received the compensation from the city therefor during the period for which the appellee now claims it, which was until the appellee, under a contest for the office, was successful. Since this case was appealed the ruling of this court has twice been to the effect that an officer *de jure* can not recover from a municipal corporation salary paid by it to an officer *de facto* during the period the officer *de jure* was deprived of his office; that payment of salary by the municipality to an officer *de facto* who discharges the duty of the office is a good defense to an action therefor against it by the officer *de jure*. *El Paso County v. Rohde,* 41 Colo. 258; *Thompson v. City and County of Denver,* 61 Colo. 470. These decisions control this controversy.

The judgment will be reversed and the cause remanded with directions to dismiss the action.

*Reversed.*

Mr. Justice Garrigues and Mr. Justice Scott concur.