## No. 13,946.

SAUNDERS, SECRETARY OF STATE *v.* NORTON.

(... P. [2d] ...)

Decided May 11, 1936.

Mr. PAUL P. PROSSER, Attorney General, Mr. CHARLES ROACH, First Assistant, Mr. PIERPONT FULLER, JR., Assistant, for plaintiff in error.

Mr. DAVID W. OYLER, Mr. NATHAN I. GOLDEN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is an action in mandamus, brought in the county court of the City and County of Denver by Norton, petitioner, to compel Saunders, secretary of state and ex officio state licensing authority, respondent, to issue to him a renewal of his license to conduct a retail liquor store in the town of Garden City, Weld county, Colorado, and for damages alleged to have accrued by a refusal to renew the license. Judgment was for Norton on the license feature of the case, and against him on the question of damages. Saunders seeks a reversal of the judgment as it stands against him, and Norton assigns cross error.

Prior to June 25, 1935, petitioner had conducted a retail liquor store in Weld county and at that time was operating such a store in the city of Greeley. On the date mentioned a local option election was held in Greeley, with the result that the right to sell intoxicating liquor in that city was denied. Petitioner then moved his merchandise to a location a short distance south of the southern boundary of the city and made application to the board of county commissioners of Weld county for a license to do business at the new location. July 1, 1935, the board refused the application, basing its refusal upon

a resolution that day adopted by the board, to the effect that it was the policy of the board "to grant no licenses to retail liquor stores * * * in the immediate vicinity of any incorporated town or city within the county after said town at an election thereon, has determined against the licensing of any such places within the corporate limits of said city or town." This action of the board occasioned the bringing of a mandamus action against it, in which the trial court sustained the action of the board and petitioner took no appeal. Petitioner then negotiated with the owners of some land nearby, with the result that he and such owners immediately incorporated a town embracing a tract about 970 feet in length and 455 feet in width and located 1,612 feet from the south limits of the city of Greeley. This town, with a population of not to exceed forty persons was named Garden City. The articles of incorporation were filed October 17, 1935. Upon organization of the corporation, petitioner secured a town liquor license from the council and a state license from respondent's predecessor in office. He operated under these licenses from October 17, 1935, to December 31, 1935. In the meantime, and on November 14, 1935, respondent, by appointment, became secretary of state and ex officio state licensing authority. Immediately thereafter he was requested by the district attorney of the district in which the new town is located to revoke petitioner's license. He did not comply with the request, but on consideration of petitioner's application for a renewal for the year 1936, filed November 26, 1935, and on December 16, 1935, he notified the latter that his application for a 1936 license had been rejected; whereupon petitioner requested respondent to set forth in writing his reasons for rejecting the application. December 21, respondent, in response to this request, wrote petitioner advising that the reasons for refusal were the letter of protest from the district attorney, the receipt of numerous telegrams and letters from representative citizens of Greeley, and a telegram from the board of county com-

missioners. The foregoing is a condensed statement of the undisputed facts in the case.

Petitioner began this action by securing an alternative writ of mandamus December 21, 1935. Respondent specially demurred to the writ on the ground that, "since the place for which the application for license was made," is in Weld county, the provisions of chapter 142, Session Laws, 1935, specifically require the action to be brought in Weld county. He also moved for a change of venue upon the same ground, and filed a general demurrer to the alternative writ, all of which were overruled, whereupon he filed his answer and return. Respondent then unsuccessfully moved for judgment on the pleadings and for change of place of trial. Trial was had February 28, 1936, and judgment entered March 5, 1936.

The contentions presented by respondent in support of his demurrers and motions, and now urged upon this review, in substance are as follows: That the county court of the City and County of Denver has no jurisdiction of the subject matter of this controversy; that suit in mandamus does not lie for the reason that an adequate remedy is provided by statute; that the alternative writ of mandamus does not state facts sufficient to constitute a cause of action; that the evidence fails to indicate that respondent abused his discretion in denying the application for a license; and that petitioner, who does not come into court with clean hands, cannot invoke the remedy of mandamus.

The power of granting or refusing licenses to sell intoxicating liquor in this state is vested in the secretary of state, as ex officio state licensing authority, by special statute enacted as chapter 142, Session Laws 1935, subject to the conditions therein contained. The proceedings provided for reviewing the action of the state licensing authority in refusing a license is a special proceeding, and is subject to, and controlled by, the special provisions, if any, contained in the act. Jurisdiction of courts is fixed by law and cannot be conferred by con-

sent or action of the parties litigant. Special concern of the legislature relative to jurisdiction of courts that may review the refusal of the state licensing authority to grant a license is manifest by the plain wording of subdivision (b) of section 8 of the act, which is as follows:

"(b) Upon written demand by an applicant who has been refused a state license said Licensing Authority shall state in writing its reasons for such refusal. The refusal of said Licensing Authority to grant a state license according to the provisions of this Act may be reviewed upon application for writ of certiorari or otherwise, by any court of general jurisdiction having jurisdiction of the place for which the application for license was made, and if such court shall determine that such action was capricious or arbitrary it shall order said State Licensing Authority to issue such license."

██ ██ The place for which application for license was here made is in Weld county, and Weld county, as are all other counties of the state, is provided by law with a county court which has jurisdiction over all places within the county. The question of jurisdiction of the county court of the City and County of Denver over the subject matter of this litigation was raised promptly by respondent by his special demurrer, and under the clear mandate of the statute the demurrer should have been sustained. Respondent did not waive the jurisdictional question by proceeding further. He could do nothing to invest the court with jurisdiction over a matter of which, in view of the statutory provision, it did not have, and could not acquire. All the subsequent proceedings, including the judgment—the court being without jurisdiction—were void, and consequently it is unnecessary to consider the other questions presented.

The judgment is reversed and the cause remanded with directions to the lower court to sustain the special demurrer and dismiss the action.

MR. JUSTICE HILLIARD not participating.