No. 16,521.

HOENSHELL, A MINOR BY CLARK HER NEXT FRIEND *v.*
PATTERSON ET AL.
(225 P. [2d] 848)

Decided December 4, 1950.

Messrs. MENIN & CONRY, for plaintiff in error.

Messrs. CRANSTON & ARTHUR, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error has sued out a writ of error to review the judgment of the county court of Arapahoe county dismissing the petition filed by her, in which she sought to have set aside a decree in adoption entered by said court on the 8th day of June, 1949.

Defendants in error, to whom we hereinafter refer as the adoptive parents, on June 8, 1949, filed their petition in the said county court alleging, inter alia:

"That they are residents of the City and County of

Denver and are desirous of adopting a child so as to render it capable of inheriting their estate. The name of the child is Gwendolyn LaVone Yawn, that it was of the age of 2 years on the 21st day of February last, and is a female child. And further, that your petitioners desire the name of said child changed to that of Gwen LaVone Patterson.

"Your petitioners would further show unto your Honor that the father of said child has deserted said child but that the mother is still living and consents to the adoption of said child by your petitioners, as will appear from written consent filed herewith."

With this petition the adoptive parents filed, what purports to be, a consent to an adoption signed by the mother two months before the filing of said petition. In her specification of points plaintiff in error does not challenge the sufficiency of this instrument, and, accordingly, we do not consider it further.

On the same day the petition for adoption was presented to the county court, a decree was entered declaring the said child duly adopted. It was adjudged by the court, "That from the day and date hereof, the said child is to all legal intents and purposes the child of said petitioners, that the natural parents of such child be and are hereby divested of all legal rights and obligations in respect to said child. * * * "

On August 4, 1949, less than sixty days after said decree, the mother of the child in question, plaintiff in error herein, filed her petition in said cause, in which she sought to vacate the adoptive decree, and in which she prayed that the child be restored to her. This petition was dismissed by the county court and an amended petition was filed by the mother on August 24, 1949, in which she prayed for the same relief. In this amended petition, the mother alleged that she did not of her own free will sign the "consent to adoption herein;" that the father of the said child had abandoned her and the child, declaring that he would not support them; that she

feared the child would become a public charge in that she had been "misinformed by a physician that she would require surgery, and that her chances of recovery from such surgery were slight, and that she had only a short time to live"; and that being thus influenced, she "signed the alleged consent for adoption." She further contends that she was and is incapable, by reason of her minority, to consent to having her child adopted by others. She further alleges the following:

"That the child, Gwendolyn LaVone Yawn, was not at any time a resident of the County of Arapahoe, but was merely left in the custody of a Mrs. Agnes Wyant, 4101 So. Acoma, Englewood, Colorado, that at all times material to this action, Jennie Hoenshell and her minor child were residents of the City and County of Denver. That petitioner further shows that the adopting parents were likewise, not residents of Arapahoe County, but were residents of the City and County of Denver, and that this Court is therefore wholly without jurisdiction in this matter."

The adoptive parents filed their answer to said petition on August 27, 1949, in which they allege that the amended petition fails to state facts sufficient to constitute a claim on which relief can be granted; that the consent was signed by the mother of her own free will; and that the child was in fact a resident of Arapahoe county at the time the decree in adoption was signed. They admit that their residence is the City and County of Denver, and generally assert that the decree of adoption is in all respects valid. At the time the adoptive decree was entered, the child was about two and one-half years of age, and the mother also was a minor.

The statute passed in 1949 (S.L. '49, c. 106), was not in effect at the time of the entry of the decree of adoption involved herein, and the instant case is governed by the provisions of section 1, chapter 4, '35 C.S.A., the pertinent parts of which are as follows:

"Any inhabitant of Colorado, not married, or a hus-

band and wife jointly, may petition the juvenile court of the county, or city and county, or, if no juvenile court exists therein, then the district or county court, of the county of his or their residence or of the county of the residence of the person sought to be adopted, for leave to adopt a minor child, not his or theirs by birth, and for a change of the name of such child, as herein stated. Written consent to the adoption of such minor child must be given by each of his or her living parents who is not hopelessly insane, intemperate, or has not abandoned such child;"

At the hearing on the amended petition to set aside the adoptive decree, the trial court entered findings which included the following:

"The Court Doth Find the issues in favor of Elzie L. Patterson and Thelma H. Patterson and against Jennie Hoenshell; and it is therefore ordered that the amended petition be and the same hereby is denied and dismissed; and the petition fails to state facts sufficient to constitute a claim upon which relief may be granted."

No evidence was presented, and it is clear from the record that the petition of the mother was denied because the court was of the opinion that no sufficient facts were set forth therein to justify favorable consideration.

It is clear from the statute above quoted that in order to confer jurisdiction upon the trial court in this proceeding, the adoptive parents must have been residents of the County of Arapahoe, or the child sought to be adopted must have been a resident of said county. The petition of the adoptive parents shows affirmatively that they were not residents of Arapahoe county. Neither in the petition for adoption nor in the decree, is there any reference whatever to the residence of the child.

In the answer of the adoptive parents, they admitted the fact that they resided in the City and County of Denver, and alleged that the residence of the minor child was in Arapahoe county. Thus an issue of fact was pre-

sented upon the determination of which the jurisdiction of the trial court depended, and the court should have determined this issue upon evidence.

The trial court erred in holding that the amended petition did not state facts sufficient to constitute a claim upon which relief could be granted. The judgment is accordingly reversed and the cause remanded for further proceedings consistent with the views expressed herein.