No. 20653.

MARGARET M. LIEN *v*. MYRON D. GERTZ, ET AL.
(407 P.2d 328)

Decided November 1, 1965.

Felix D. Lepore, Sidney Biderman, for plaintiff in error.

Quiat, Woodford, Myers & Schnabel, for defendants in error.

*En Banc.*

Mr. Justice McWilliams delivered the opinion of the Court.

Myron and LaVerne Gertz filed in the county court of El Paso County a petition for adoption whereby they sought to adopt one David Andrew Lien, then of the age of three years and some three months. In this petition the Gertzes alleged, among other things, that they resided in Arvada, which is located in the County of Jefferson, and that the child which they sought to adopt had been in their care and custody for the preceding two years and seven months.

Margaret Lien, the mother of David Andrew Lien, filed an answer to the aforementioned petition for adoption. In such answer she "objected" to the petition for adoption and averred that she had theretofore been granted the custody of David Andrew Lien in a California divorce proceeding and, on the strength of that decree, asked that the child be returned to her.

Contemporaneously with the filing of her answer in the adoption proceeding, Margaret Lien also filed in the county court for El Paso County a Petition to Establish Judgment of Divorce Secured in Foreign Jurisdiction and to Award Custody to Plaintiff in her Infant Child

and a Petition for a Writ of Habeas Corpus for the Custody of a Child, David Andrew Lien. By written stipulation of the parties, it was agreed "that the county court in and for El Paso County, State of Colorado, shall have jurisdiction to hear the entire dispute between the parties regarding custody, adoption, support payments, residence of the infant child, and any other matters concerning the infant child David Andrew Lien."

Upon hearing the trial court found generally for the petitioners, Mr. and Mrs. Gertz, and accordingly in due time entered a final decree of adoption wherein it found, as a preliminary finding, that "the Court has jurisdiction over the subject matter and persons herein." By the present writ of error Margaret Lien now seeks a reversal of the aforementioned decree of adoption whereby her child through the adoption process was ordered and adjudged to be the child of the two petitioners.

■ Although the matter has not been urged by Margaret Lien, this court at oral argument did itself raise the question as to whether the county court of El Paso County had jurisdiction over the subject matter, in view of the admitted fact that the petitioners were not "domiciled" in El Paso County, but were domiciled in the County of Jefferson, and that the child sought to be adopted was not "located" in El Paso County but in Jefferson. Where a lack of jurisdiction over the subject matter appears on the face of the record, we are compelled to notice it. See *McKinnon v. Hall*, 10 Colo. App. 291, 50 Pac. 1052. Pursuing, then, this particular question, we have come to the conclusion that the county court of El Paso County did *not* have the jurisdiction over the subject matter, and hence its decree of adoption is but a nullity.

■■ At the outset it should be observed that adoption was not known at the common law. Adoption proceedings are therefore purely statutory in nature. See *Graham v. Francis*, 83 Colo. 346, 265 Pac. 690. Proceeding to a consideration of the applicable statutes, C.R.S.

'53, 4-1-2, states that a juvenile court, if functioning, shall have jurisdiction of all petitions for the adoption of minor children and that if there be no juvenile court in a particular county, the county court shall have such jurisdiction. The statute then goes on to provide as follows:

"Any such petition may be filed in the county in which the petitioner or petitioners have their domicile; or the person to be adopted is located; or any lawfully licensed child placement agency, having legal or physical care, custody or control of the person to be adopted, is located."

The precise problem for determination in this case is whether the statutory language above quoted is jurisdictional in its nature, or on the contrary is only directory and pertains not to jurisdiction, as such, but to the matter of venue only.

The following background material appears in 2 Am. Jur.2d, pp. 900 and 901:

"Most adoption statutes provide, in varying terms, for the institution of adoption proceedings by persons residing in or residents of the state, and require that the proceeding be instituted in the county in which the child or its parents reside or in which the child is domiciled. While some courts have construed such statutes as directory, requirements as to residence are usually considered jurisdictional, and in that event this jurisdictional prerequisite of residence must be met as of the date of the filing of the petition to adopt."

To like effect, see 2 C.J.S. pp. 416 and 417.

In *Hoenshell v. Patterson*, 123 Colo. 101, 225 P.2d 848, this Court had occasion to consider the general nature of such a residence requirement, although it is true that in that case we were not concerned with the particular statute under which the instant adoption was purportedly effected, *i.e.*, C.R.S. '53, 4-1-1 through 18. Rather, in the *Hoenshell* case we were concerned with the residence requirement as found in section 1, chap-

ter 4, '35 C.S.A., which provided that any inhabitant of Colorado, not married, or a husband and wife jointly, may petition the juvenile court of the county, or city and county, or, if none exists therein, then the district or county court, "of the county of his or their residence or of the county of the residence of the person sought to be adopted," for leave to adopt a minor child not his or theirs by birth. In the *Hoenshell* case the petition for adoption was filed in the county court for Arapahoe County, though the petitioners resided in the City and County of Denver, the residency of the person sought to be adopted not appearing from the record. In commenting upon the nature of the statutory requirement as to residence which was then in effect, we declared as follows:

"It is clear from the statute above quoted that in order to confer jurisdiction upon the trial court in this proceeding, the adoptive parents must have been residents of the County of Arapahoe, or the child sought to be adopted must have been a resident of such County."

▪ Accordingly, we hold that the county court of El Paso County was without jurisdiction to hear the Gertzes' petition for adoption, inasmuch as the record affirmatively shows that the Gertzes were not domiciled in El Paso County, and that David Andrew Lien, the child sought to be adopted, was not "located" in El Paso County. Nor is there any suggestion that a child placement agency having legal or physical control of David Andrew Lien was located in El Paso County.

On the contrary, it is quite clear from the record before us that the Gertzes resided in Jefferson County and that David Andrew Lien was "located" in the same county and was not under the legal or physical control of any child placement agency. And, although it is of no legal significance insofar as the matter of jurisdiction is concerned, the father of David Andrew Lien had long since abandoned his son and was not residing in

El Paso County, and the child's mother was then residing in California. Under all the circumstances just why this adoption proceeding was instituted in the county court of El Paso County is not known.

█ Finally, the fact that the mother, Margaret Lien, not only did not challenge the trial court's jurisdiction over the subject matter but in fact consented thereto is of no legal significance. Jurisdiction of the county court in the instant case is fixed by law and can not be conferred by any consent or action of the parties litigant. See *McCoy v. McCoy,* 139 Colo. 105, 336 P.2d 302; *Watson v. Watson,* 135 Colo. 296, 310 P.2d 554; *Saunders v. Norton,* 98 Colo. 537, 58 P.2d 482.

The judgment is reversed and the cause remanded with directions to the trial court to dismiss the petition for adoption.