490 P.2d 299 (1971)
Bauldie MOSCHETTI, individually and for all other persons similarly situated, Plaintiff in Error,
v.
LIQUOR LICENSING AUTHORITY OF CITY OF BOULDER, Defendant in Error.
Bauldie MOSCHETTI, individually and for all other persons similarly situated, Plaintiff in Error,
v.
John H. HECKERS, Executive Director of the Department of Revenue, as the State Liquor Licensing Authority of the State of Colorado, and Mountain-Vu Liquors, a Colorado corporation, Defendants in Error.
Nos. 24056, 24313.
Supreme Court of Colorado, En Banc.
November 1, 1971.
Rehearings Denied November 29, 1971.
*300 Hollenbeck, King & French, Peter C. Dietze, Guy A. Hollenbeck, Boulder, for plaintiff in error.
Hutchison, Black & Hill, James W. Buchanan, William H. Nikkel, Walter L. Wagenhals, Lawrence C. Rider, Boulder, for defendant in error in No. 24056.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Chris J. Eliopulos, Asst. Atty. Gen., for defendants in error in No. 24313.
DAY, Justice.
Two writs of error have by this decision been consolidated. The appeals involve the same issuethe validity of a transfer of a liquor license granted by the Boulder City Council, the local authority, and the Colorado Director of Revenue, the State Authority.
Plaintiff in error, Moschetti, hereinafter referred to as "protestant" has a package liquor store in the vicinity of Mountain-Vu Liquors, herein referred to as "applicant." The latter obtained authority for a competing package liquor store by transfer of a license held by it from another location. The previous liquor license was for an outlet in a northeast sector of the city. The transfer was authorized to a shopping center in the southern sector of Boulder, and adjacent to the University of Colorado campus.
The application for the transfer was granted by the local authority after public hearing. One of the issues decided at the hearing was whether the proposed new outlet for Mountain-Vu Liquors was less than 500 feet from the campus in violation of C.R.S.1963, 75-2-39(5) (a). The city of Boulder in permitting the issuance of the license, among other things, made a determination that applicant's store was more than 500 feet from the campus and thus in compliance with the statute. Protestant appealed to the Boulder district court the validity of the local authority's ruling which permitted the transfer of the license, filing its certiorari action prior to any action taken by the state liquor authority. The district court approved the transfer though on different findingsand from that judgment writ of error was brought to this court. That writ of error, Supreme Court No. 24056, will be discussed under I.
Meanwhile, with litigation pending on certiorari to review the action of the local authority, the administrative process to effect the transfer by obtaining the necessary concurrence of the state authority was in progress. The protestant obtained permission for a hearing from and appeared before the state authority. Subsequently, that body approved the transfer. The action of the state authority was then appealed to the Boulder district court, but that certiorari proceeding was dismissed. Protestant then brought separate writ of error directed to that judgment which will be discussed under II.

I.

(Supreme Court No. 24056)
Taking up first the appeal to the Boulder district court from the action of the city of Boulder in granting application of the transfer of the license, we hold that the trial court lacked jurisdiction over the subject matter of the certiorari proceeding *301 there. (C.R.C.P. 12(b) (1).) Although this point was not raised by the parties, we take note of this lack of jurisdiction on our own motion. Lien v. Gertz, 158 Colo. 416, 407 P.2d 328 (1965); McKinnon v. Hall, 10 Colo.App. 291, 50 P. 1052 (1897). We deem it necessary to treat this plain error and defect in the appellate process in the interest of bringing some semblance of order to the chaotic record which has resulted from the two piecemeal reviews now before us, plus a desire to compel orderly process in the administrative field.
Under C.R.S.1963, 75-2-3(8), 75-2-38 and 75-2-42(5), it is necessary before there can be any issuance of a liquor license or a transfer thereof at the local level that the state authority approve the action of the local authority. The concurrent action of the two authorities is mandatory. If the local authority denies the license, appeal therefrom to the district court would lie because the state alone could not authorize the issuance. But where there is approval at the local level, it is of no force and effect without also the state approval. Absent the latter administrative procedure, the entire administrative process is not complete. It is axiomatic that before there can be any recourse to the courts in an administrative matter, there must be an exhaustion of the administrative remedies. This salutory rule of law prevents piecemeal application to, or interference by, the judiciary.
There is also another reason why the appeal to the district court was premature and jurisdiction did not lie to that court. The state, before granting its concurrent approval, may hold an additional hearing, as was done in this case. Consequently, a review of the entire record was impossible at the stage when it was first presented to the district court. On the other hand, if the state authority had denied the application for the transfer, this particular certiorari review brought by the protestant would have been moot.
Accordingly, in the writ of error No. 24056 we reverse the trial court and remand the action with directions that the particular certiorari proceedings initiated in that case be dismissed.

II.

(Supreme Court No. 24313)
Addressing ourselves to the problem posed in certiorari proceedings following action by the state authority, we note the trial court failed to rule on any of the errors assigned and made no finding as required by C.R.S.1963, 3-16-5, as to whether there was or was not any error in the administrative proceedings. Likewise, the court neither affirmed nor reversed the decision of the licensing authorities as is required to be done under section 3-16-5.
Nevertheless, under Geer v. Stathopulos, 135 Colo. 146, 309 P.2d 606 (1957), we can review the record of the administrative proceedings and choose to do so herein to meet the error which appears therein.
The record contains the entire proceedings at both the local and state level and a transcript of the hearings as well as the findings of both authorities.
Referring to the findings of the local authority, that body incorrectly construed C. R.S.1963, 75-2-39(5) (c), which prescribes the method for measuring the 500 feet limitation established by C.R.S.1963, 75-2-39(5) (c). Section 75-2-39(5) (c) states:
"The [distance] * * * [is] to be computed by direct measurement from the nearest property line of the land used for school purposes to the nearest portion of the building in which liquor is sold, using a route of direct pedestrian access." (Emphasis added.)
The local authority interpreted the section to mean that the measurement was to proceed from the closest point of "direct pedestrian access" and made the measurement not from the nearest property line of the campus but rather the nearest "gateway" into the campus.
Applying the general rule of statutory construction that "* * * relative and qualifying words and phrases, where *302 no contrary intention appears, will be construed to refer solely to the last antecedent with which they are closely connected," we hold that the last clause of subsection (c) modifies only "to the nearest portion of the building in which liquor is to be sold." Wheeler v. Rudolph, 162 Colo. 410, 426 P. 2d 762 (1967). Consequently, the measurement would proceed from the point nearest the proposed liquor store on the property line of the school, by direct pedestrian route.
The findings of the state authority reflected that it disagreed with the local authority's determination that the location was outside the 500 foot limitation, but conditioned approval of the transfer upon compliance with an agreement that a fence be constructed on two sides of the package store in such a manner as to provide a pedestrian traffic route which, when measured from the C.U. campus, required travel along a 68.4 foot fence hence at right angles 52.8 feet to the door for a total of 501 feet. It takes no authority to state that "direct" does not mean "indirect." Consequently, the state authority measurement would follow a path of "pedestrian access" which is artificially circuitous and is no more valid than to permit a liquor outlet next door or across the street from a school so long as access be through a 500-foot circular maze.
When discussing the 500-foot limitation established under section 75-2-39(5) (a), the state authority found that
"* * * the distance must be in accord with [applicant's construction plans shown to the authority], and the fencing which you [applicant] established to comply with the direct pedestrian access or we would not issue finally the license to Mount Vu (sic) * * *." (Emphasis added.)
From the map used by the state authority, minus the distance of 121 feet added around the terminal of the fence, it was determined that the "direct pedestrian access" was less than 500 feet. On that finding the state authority ruled it would not finally approve the transfer and offered a solution to circumvent the plain language of the statute. On that finding we can determine that the outlet is in fact and law inside the prohibited footage and therefore the license was contrary to law. Under such circumstances it is unnecessary to remand the case to the authority to make a new finding without the placement of the fence.
The judgment in writ of error No. 24313 is reversed with directions to reinstate the certiorari petition and remand the cause to the licensing authorities to deny the transfer of the license.
GROVES and KELLEY, JJ., dissented.
GROVES, Justice (dissenting):
My dissent is simply that I do not agree with the interpretation of "direct pedestrian access," although I do agree that an artificial barrier as suggested by the state authority is not proper.