## No. 26515

**H. Gordon Howard, individually, and as trustee of the Howard Family Trust in Weld County, Colorado, and the Pine Lake Trailer Resort and Campground v. The Public Utilities Commission of the State of Colorado; and The Poudre Valley R.E.A., Inc., a Colorado corporation**

(528 P.2d 1303)

Decided December 9, 1974.

H. Gordon Howard, pro se.

John P. Moore, Attorney General, John E. Bush, Deputy, Eugene C. Cavaliere, Assistant, James K. Tarpey, Assistant, for defendants-appellees.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Appellant Howard filed a formal complaint with appellee Colorado Public Utilities Commission (Commission) alleging that appellee Poudre Valley Rural Electric Association, Inc., (Poudre Valley) refused to furnish electricity to two mobile home spaces on his property. Poudre Valley responded that it was willing to supply service to the two spaces if complainant would comply with its policy regarding "indeterminate service." This commission approved policy required a payment to cover the cost of construction to extend the services, which payment would in

the future be refundable in whole or in part if revenues generated therefrom reach a specified level. The hearing examiner determined that the requested service was "indeterminate service" and that complainant had refused to comply with the applicable requirements. He therefore dismissed the complaint.

The appellant filed his exceptions to the recommended decision of the hearing examiner and thereafter the commission denied the exceptions and adopted as its own the findings of fact and conclusions of the examiner.

Appellant then sought review in the district court. He alleged that the hearing examiner and the commission abused their discretion and exceeded their authority by determining that service to mobile home spaces is "indeterminate service,"[1] and thus subject to the requirements for payment before service is extended to the new locations.

The commission's rules pertaining to the regulation of electric utilities explain "indeterminate service" as follows:

" 'Indeterminate Service' construed to mean service to mining, industrial, manufacturing and large commercial customers; also to domestic, commercial, power or rural customers when the use of service cannot be reasonably assured as to its amount and permanency."

and

" 'INDETERMINATE SERVICE' includes service to mines, quarries, oil wells, industrial and commercial enterprises of speculative purposes, real estate subdivisions, development of property for sale, enterprises where the applicant will not be the user of service, where there is little or no demand for service, tenant houses, house trailers, rental property and to other service where the amount and permanency of service cannot be reasonably assured."

The district court did not reach the merits of the appellant's suit because he did not cause a transcript of the hearings to be filed either with the full commission or with the court. The district

---

[1]Complainant argues that his property is taxed as permanent property and therefore the PUC cannot treat his service as "indeterminate." But complainant's citations of statutes dealing with taxation, in addition to being inapposite, were repealed in 1964. *See* 1965 Perm. Supp., C.R.S. 1963, 137-1-1(2).

court ruled that it could not exercise an independent judgment on the facts because a transcript of the evidence presented on the issue had not been filed by the appellant as required by law.

 The district court properly interpreted the provisions of 1969 Perm. Supp., C.R.S. 1963, 115-6-13(4). It provides that if a party, who seeks to reverse, modify, or annul a recommended decision of a commission examiner or the decision of the commission, fails to file a transcript, the basic findings of fact of the commission are conclusively presumed to be complete and accurate. [*See also* C.A.R. 12(f).]

 Therefore, the determination by the hearing examiner, which was adopted by the full commission, that the service to the mobile home spaces was ''indeterminate service'' was conclusive upon the court.

 We totally reject the appellant's argument that the service he sought from Poudre Valley is not ''indeterminate service'' as a matter of law, and therefore no transcript of the testimony and other evidence before the hearing examiner is necessary.

Judgment affirmed.