**No. 26957**

**Meredith M. Flanigan v. Public Employees' Retirement Association**

(551 P.2d 702)

Decided June 28, 1976.

Theodore M. Smith, for plaintiff-appellant.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Mary A. Rashman, Assistant, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a ruling of the district court denying a claim for disability retirement benefits from defendant-appellee Public Employees' Retirement Association (hereinafter PERA or the association). We affirm.

The record indicates that plaintiff-appellant Meredith Flanigan (hereinafter claimant) was employed by the state department of highways from 1962 to 1968, during which time she paid regular monthly assessments to PERA. She claims to have become permanently disabled as a result of an injury incurred in February 1968 in the course of her employment. Five months later she resigned from state service.

In July 1968 claimant wrote a letter intended for and eventually received by PERA in which she stated that she was disabled and that she wanted to know the amount contained in her retirement account. PERA informed her that she only had rights to disability retirement benefits if the disability were incurred while in the actual performance of duty. See C.R.S. 1963, 111-1-15.[1] It was suggested that she contact PERA for further advice. The association further mailed her the necessary forms for making application for service-incurred disability benefits. Claimant failed to return them to PERA.

Claimant's retirement account was closed in November 1968. The balance of $1,363.08 was disbursed by PERA to the Colorado State Employees' Credit Union. The latter's demand for refund of claimant's payments into PERA was based on previously executed power of attorney which had been given to it by claimant in conjunction with a loan obtained

---

[1]Now section 24-51-115, C.R.S. 1973. The proviso that the injury causing the disability be incurred while in the actual performance of duty has been repealed.

from it.

PERA received no further communication on the matter until December 1972 when claimant requested that retirement disability forms be sent to her. PERA advised her that her account had been closed four years earlier, and that she had no further rights to a benefit claim. This action was commenced thereafter.

The district court held that the suit was barred by the three-year statute of limitations and dismissed the claim. C.R.S. 1963, 87-1-9.[2] The judgment was in accord with applicable law.

Claimant's cause of action accrued at the time she suffered the disabling injury. *Board of Trustees v. Koman*, 133 Colo. 598, 298 P.2d 737 (1956). The instant action was not commenced until August 1973, five and one-half years after the injury. In *Koman* we held that the three-year statute of limitations governs cases involving claims for police disability pension claims in the absence of a special statute of limitations in the act which provides for such claims. In this case we find no such special provisions in the state employees section of the public employees' retirement systems act[3] and therefore conclude that section 87-1-9 is likewise applicable.

Judgment affirmed.

MR. JUSTICE HODGES does not participate.

---

[2]Now section 13-80-108, C.R.S. 1973.
[3]C.R.S. 1963, 111-1-1 *et seq.*, now section 24-51-101 *et seq.*, C.R.S. 1973.