J. Richard Barnes, C.L.U. Division of Insurance Department of Regulatory Agencies 201 East Colfax, Room 106 Denver, Colorado 80203
Dear Mr. Barnes:
This is in response to your July 3, 1980 letter which poses eight questions concerning the hearing authority of the Colorado Insurance Board. My opinion to you dated September 6, 1979 concerning the board's power to review the commissioner's rules and regulations indirectly addresses some of the issues raised in your present opinion request. Therefore, I suggest that you review the earlier opinion in conjunction with this opinion.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Can the board, if requested, conduct a hearing on a matter which is the subject of litigation even if no final judicial decision has been rendered?
 If the action is properly before the court, the answer is "no." In determining whether the action is properly before it, the court will consider whether the plaintiff has exhausted all administrative remedies available to him. The court will also require the plaintiff to observe all statutory time limits for filing a court action.
2. Does C.R.S. 1973, 10-1-103.2(3)(d) preclude the board from proceeding with a scheduled hearing if, after the hearing was scheduled, a court action involving the same subject matter was commenced?
 If the matter is properly before the court, the answer is "yes."
3a. Will the answer to questions 1 and 2 above be different depending upon whether the division, the commissioner or the board is the defendant in the court action?
The answer is "no."
3b. Will the answer to question 3(a) be different if the action is between the party requesting the board hearing and parties other than the commissioner, the division or the board?
The answer is "no."
3c. Can the board hear a matter if the same issue with different parties is pending before a court?
 The answer is "no." If the matter is pending before the court then the court has presumably made a determination that the matter is properly before it and the board should not take any further action on the matter.
4. May the board hold a hearing in a rate decision matter on which the board did not take action within the forty-five day time limit set forth in C.R.S. 1973, 10-1-103.2(1)(c)?
 The answer is "no." The forty-five day period set forth in C.R.S. 1973, 10-1-103.2(1)(c) is a jurisdictional time limit. The board cannot hold a hearing on a rate decision after that period has elapsed.
5. Can the board respond to a request for a hearing on a rate decision if it did take action within the forty-five day period set out in C.R.S. 1973, 10-1-103.2(1)(c)?
 Assuming the board acts before the forty-five day time limit has elapsed, the answer is "yes." If the board has already acted on a rate decision but the forty-five day period has not passed, nothing in the statute would prevent the board from holding a hearing to reconsider its earlier decision provided it gives notice of its revised concurrence or nonconcurrence to the commissioner within the forty-five day period. It makes no difference whether the board, in its original action, concurred with or did not concur with the commissioner's decision.
6. What is the liability of the board as a whole and of individual members of the board, if the board takes action which, in the opinion of the attorney general, is not permitted by the law creating the board?
 Attorney general opinions are advisory only and are not binding on the board. However, the board and its members can be held liable in a court of law for actions taken which do not fall within the board's statutory powers.
7. May the board hold hearings for general information purposes, not involving or related to formal action previously taken or to matters in the court?
The answer is "yes."
8. What other possible limitations on the board's authority to hold hearings do you see under the law beyond those covered above or not limited by 10-1-103.2(a) and (b)?
 This question is too broad to permit an effective answer in an attorney general's opinion. Questions concerning the board's authority will have to be addressed in the context of specific factual settings.
ANALYSIS
An analysis of the legal issues raised by your request requires an understanding of the general types of hearings an agency may conduct as well as an understanding of the specific types of hearings the board may conduct. In general, the types of hearing which an agency can conduct can be divided into two general categories: (1) hearings to determine adjudicative facts and (2) hearings to determine legislative facts. Adjudicative facts concern the parties to a specific controversy. They answer the questions of who did what, where, when, how and why, etc. Legislative facts do not usually concern any immediate parties but are general facts which help the tribunal decide questions of law, policy and discretion. See 1 Davis, Administrative LawTreatise, Section 7.02. Wood County Bank v. Camp,348 F. Supp. 1321 (1972). Under Colorado's Administrative Procedure Act (APA) C.R.S. 1973, 24-4-101 et seq. an agency is engaged in adjudication when it is formulating, amending or repealing an order. The APA defines the term "order" to be the whole or any part of the final disposition by an agency in any matter other than rulemaking. C.R.S. 1973, 24-4-101(2) and (10).
Under Colorado's Administrative Procedure Act the conduct of hearings to determine adjudicative facts is governed by C.R.S. 1973, 24-4-105. This section describes two different types of adjudicative fact finding hearings: a detailed, full blown "trial" type hearing at which testimony may be presented, witnesses cross-examined, etc., (C.R.S. 1973, 24-4-105(1)-(12)) and an appellate type proceeding in which an agency conducts a review of a decision made by a hearing officer, at a trial type hearing (C.R.S. 1973, 24-4-105(13) and (14)). The latter type of hearing is a review of the record compiled by the hearing officer. In conducting such a review the agency may hold a hearing for the purpose of listening to the oral arguments of the parties.
C.R.S. 1973, 24-4-103(4) describes a more limited public hearing to determine legislative facts. This section governs hearings conducted in connection with an agency's rulemaking powers. At such a public hearing interested parties are allowed to submit written data, views or arguments and to present the same orally, but no formal presentation of evidence, testimony or cross-examination is envisioned.
The board's specific powers with regard to hearings are set forth in C.R.S. 1973, 10-1-103.2. This statute specifically grants to the board, the power to conduct hearings in only one section,i.e. C.R.S. 10-1-103.2(2). That section allows the board to hold hearings and issue declaratory orders on petitions filed by interested persons.[1] However, in three other sections the statute grants the board powers which normally would include the power to conduct some type of hearing. For example, the board's powers under C.R.S. 1973, 10-1-103.2(1)(b) and (c) to review (1) orders, rules and rulings and (2) rate decisions of the commissioner would appear to include the power to hold some sort of hearing.[2]
C.R.S. 1973, 10-1-103.2(1)(d) grants to the board the power to conduct investigatory hearings through its subpoena power. This power is discussed below in the analysis of question No. 7.
In questions 1-3 you ask about the board's power to proceed to hear a matter when a court has exercised its jurisdiction on the same issue.
As set out above, the board has authority to conduct hearings in four areas: (1) declaratory order petitions; (2) rate reviews, (3) order, rule or ruling reviews, and (4) investigatory hearings (discussed in the analysis to question (7) below). Each of the first three areas must be addressed separately in analyzing questions 1-3. The board's power to conduct hearings on petitions of interested parties seeking declaratory orders is set forth in C.R.S. 1973, 10-1-103.2(2) which reads as follows:
 The board may, on petition of any interested person and after hearing, issue a declaratory order with respect to any matter not prohibited by subsection (3) of this section, including but not limited to the application of any provision of the laws administered by the division of insurance or of any rule issued by the commissioner. The order shall bind all parties to the proceeding unless it is modified or reversed by a court. The refusal to issue a declaratory order shall not be reviewable. At the next regular meeting of the board after such hearing, the board shall render a written decision as to such matters, which shall be finally conclusive, subject to rights of judicial review otherwise provided by law.
The powers set forth in this section are limited by C.R.S. 1973, 10-1-103.2(3). Subparagraph (d) of this section states:
 The board shall not entertain any petition under subsection (2) of this section with respect to:
 (d) Any matter with respect to which there is pending an appeal or other action brought pursuant to law, in a court of competent jurisdiction.
In light of the above statute it is clear that the board cannot conduct a hearing on a declaratory order petition concerning a matter which is properly before a court even if no final court decision has been rendered.[3]
With regard to hearings on rate issues or rule, order and ruling reviews the important question is: has the division rendered a final decision on the rate issue or rule review in question. Sections (1) and (2) of the board's rules set forth specific time limits within which the board may schedule hearings to review (1) commissioner's orders, rules or rulings or (2) rate decisions. If these time limits have not expired or if the board has elected to conduct a hearing but the hearing and decision have not yet been rendered, then agency action is not yet final and the action is not properly before the court.
In questions 4 and 5 you ask about the effect of the forty-five day limit in C.R.S. 1973, 10-1-103.2(1)(c) on the board's power to review rate decisions. C.R.S. 1973, 10-1-103.2(1)(c) concerns rate decisions or orders and requires the board to give notice to the commissioner of its concurrence or nonconcurrence with the commissioner's rate decision within forty-five days after the decision is submitted to the board. Time limits in analogous situations have been held to to be jurisdictional and failure to act within the time limit precludes the party from further action. See Enriquez v. Merit SystemCouncil, et al, 197 Colo. 14, 589 P.2d 492 (1977). Accordingly, if the board fails to give notice of its concurrence or nonconcurrence with the rate decision within the forty-five day time limit the board is divested of jurisdiction. It would appear that the board can reconsider an earlier decision so long as it completes its reconsideration and advises the commissioner within the original forty-five day period.[4]
In question 6 you ask about the board's liability for failure to follow the advice set out in attorney general opinions. Attorney general opinions (AGOs) are advisory only and the board is not obligated to comply with them. However, such opinions are carefully researched and do present the state of the law on the pertinent issues. The board should therefore carefully consider AGOs before taking action. Liability can be assessed against individual board members under certain circumstances by a court of law.
In question 7 you ask if the board has the power to conduct hearings for general informational purposes.
The board does have the power to conduct investigatory hearings in certain situations. C.R.S. 1973, 10-1-103.2(1)(d) grants to the board the power to "subpoena witnesses, compel their attendance, require the production of evidence" on matters "relating to a duty imposed upon or power vested in, the Division of Insurance, the commissioner or the board." The power of an administrative agency to conduct investigations into areas within its jurisdiction is generally recognized. SeeDavis, Administrative Law Treatise, section 3.01 and FederalCommunication Commission v. Pottsville Broadcasting Co.,309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656. This grant of investigatory power has been limited somewhat by the board's rules. Definition 6 of the board rules defines the term "subject relating to a duty imposed upon, or power vested in, the Division of Insurance, the commissioner or the board" to mean "any matter determined by a majority of the board to be sufficiently related to a legal power or duty of the division, commissioner, and or board to warrant invoking the board's subpoena power in an investigation." This is certainly a broad definition and the extent to which it limits the power granted by the statute will require an examination of a problem presented in a specific factual setting.
It should be noted that this is the power to conduct investigations only. It does not include the power to issue a binding order.
SUMMARY
The board has the power to conduct hearings for a variety of purposes. The powers set forth in the statute have been modified by the board rules. Both the empowering statute and the board rules set forth time limits within which the board must take action. These time limits are jurisdictional and the board loses its power to conduct hearings once the time limits have elapsed. Attorney general opinions are advisory only and the board is not obligated to comply with them but the board and its members are liable for actions taken which are beyond the powers granted to the board by the statute. The board may hold investigatory hearings concerning matters pertaining to the insurance industry in Colorado but such hearings can be convened only for the purposes set forth in the statute and the board rules.
Very truly yours,
 J.D. MacFARLANE Attorney General
INSURANCE ADMINISTRATIVE LAW ADMINISTRATIVE PROCEDURE RULES AND REGULATIONS
C.R.S. 1973, 10-1-103.2
REGULATORY AGENCIES, DEPT. Insurance, Div. of
The Insurance Board has been given a variety of powers under C.R.S. 1973, 10-1-103.2. These powers have been limited somewhat by the board's rules and regulations. The powers include the power to hear petitions for declaratory orders, rate reviews, rule, order and ruling reviews and investigatory hearings.
[1] Rule 4 of the board's rules limits the board to conducting a hearing pursuant to C.R.S. 1973, 24-4-103 in making a determination on a petition for a declaratory order. As was pointed out above, a C.R.S. 1973, 24-4-103 hearing is a legislative fact finding hearing. It is generally utilized in connection with an agency's rule making powers. In making a determination on a petition for a declaratory order, the board will be required to make specific fact determinations. Accordingly the board should consider amending rule 4 in order to allow the board to conduct an adjudicative fact finding type of hearing in making declaratory order decisions.
[2] The board's rules have limited the board's power to review commissioner's orders, rules or rulings. Definition 3 of the rules defines the term "order, rule or ruling" to include only matters of "general applicability and future effect implementing, interpreting or declaring law or policy or setting forth the procedure of (sic) practice requirements of the Insurance Division made in writing and subject to C.R.S. 1973, 24-4-103." Thus, in exercising the power granted by C.R.S. 1973, 10-1-103.2(1)(b) to review orders, rules or rulings the board has limited itself to reviewing rules and regulations passed by the commissioner, since only rules and regulations as opposed to orders or rulings will have general applicability and future effect and will have been made subject to C.R.S. 1973, 24-4-103. Rule 1 limits the board to conducting a legislative fact finding hearing pursuant to C.R.S. 1977, 24-4-103. This type of hearing is consistent with the power to review rules and regulations.
Rate decisions are legislative decisions. SeeCarroll v. Barnes, 169 Colo. 277, 455 P.2d 644
(1969). Accordingly in rule 2, the board limits itself to conducting legislative fact finding hearings pursuant to C.R.S. 1973, 24-4-103 in reviewing such decisions.
[3] A party seeking judicial review of an agency decision must first exhaust all administrative remedies available to him.Moschetti v. Liquor Licensing Authority of Boulder,490 P.2d 299, 176 Colo. 281 (1971). An action seeking judicial review of either a rate decision or a rule, order or ruling will not be properly before a court until after the time during which the agency can exercise its power to reconsider (e.g., the board's power to review a decision of the commissioner) has passed. Likewise a petition for a declaratory order is not properly before a court until after the plaintiff has sought to have the agency exercise its power to issue a declaratory order on the issue in question.
[4] It should be noted that the board has no power to review commissioner's rate decisions on nonprofit hospitals and health service corporations (e.g. Blue Cross/Blue Shield). C.R.S. 1973, 10-16-128(4), as amended, makes it clear that when the commissioner makes a decision on a nonprofit hospital or health service corporation rate matter, the right of appeal lies directly with the Colorado Court of Appeals.