**NORTH WASHINGTON STREET WATER AND SANITATION DISTRICT, Petitioner-Appellant,**

v.

**Jesse EMERSON and Colorado Civil Rights Commission, Respondents-Appellees.**

**No. 79CA0314.**

Colorado Court of Appeals, Div. II.

Dec. 4, 1980.

Rehearing Denied Dec. 26, 1980.

Certiorari Denied April 20, 1981.

---

1. The trial court dismissed Higbie's claim for rent against Hollingsworth. Higbie did not appeal this judgment.

Berger & Rothstein, P.C., David Berger, Kent Denzel, Commerce City, for petitioner-appellant.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Timothy R. Arnold, Asst. Atty. Gen., Denver, for respondents-appellees.

VAN CISE, Judge.

Jesse Emerson (the complainant) filed a complaint under the Colorado Antidiscrimination Act, § 24–34–301 et seq., C.R.S. 1973, with the Colorado Civil Rights Commission (commission), alleging that the North Washington Street Water and Sanitation District (the employer) had engaged in employment discrimination. The matter was heard by a hearing officer appointed by the commission. The hearing officer found in favor of the complainant. The initial decision and recommended order was issued April 17 and, on motion of the complainant, was amended and re-issued on May 17, 1978. No exceptions to the hearing officer's initial decision and recommended order were filed with the commission. Instead, on the same day the amended decision was issued, the employer filed this action for judicial review in the district court.

On July 26, 1978 the respondents (the complainant and the commission) moved to dismiss the petition for review on the ground that the district court lacked subject matter jurisdiction because the petitioner employer had failed to exhaust its administrative remedies. It had not appealed the hearing officer's initial decision and recommended order to the commission, and the time for such appeal had expired. The district court denied the motion but, after a hearing on the record of the proceedings before the hearing officer, affirmed the decision and recommended order. The employer appeals. We set aside the judgment and direct that the motion to dismiss be granted.

Section 24–34–307(14), C.R.S. 1973, provides that: "The commission shall establish rules to govern, expedite, and effectuate the foregoing [hearing] procedures and its own actions thereunder." Pursuant to that statute, the commission promulgated Rule 10C pertaining to appeal to the commission, which states that: "To the extent not inconsistent with the Law, the procedures set forth in the Administrative Procedure Act, C.R.S. 1973, 24–4–105(14) and (15), as amended shall apply to initial decisions of hearing examiners, appeals thereof and final orders of the Commission."

Section 24–4–105(14) and (15), C.R.S. 1973 (1979 Cum.Supp.), provides in pertinent part:

"(14) . . . In any case in which a hearing officer has conducted the hearing, the hearing officer shall prepare and file an initial decision which the agency shall serve upon each party . . . . In the absence of an appeal to the agency by filing exceptions within thirty days after service of the initial decision of the hearing officer upon the parties . . . every such initial decision of a hearing officer shall there upon become the decision of the agency . . . .

"(15)(a) Any party who seeks to reverse or modify the initial decision of the hearing officer shall promptly file with the agency a designation of the parts of the transcript of the proceedings which shall be prepared and advance the cost therefor . . . .

"(b) The findings of evidentiary fact ... made by the hearing officer shall not be set aside by the agency on review of the hearing officer's initial decision unless such findings of evidentiary fact are contrary to the weight of the evidence. The agency may remand the case to the hearing officer for such further proceedings as it may direct, or it may affirm, set aside, or modify the order or any sanction or relief entered therein, in conformity with the facts and the law."

From the above, it is apparent that a party dissatisfied with the rulings of the hearing officer may appeal to the commission by filing exceptions within thirty days after service of the initial decision. This gives the commission the opportunity to correct any alleged errors without the necessity of judicial review. This remedy of administrative appeal to the commission having been available, the exhaustion of that remedy was a prerequisite to maintenance of a court action. *Moschetti v. Liquor Licensing Authority*, 176 Colo. 281, 490 P.2d 299 (1971); *Denver-Laramie-Walden Truck Line, Inc. v. Denver-Fort Collins Freight Service, Inc.*, 156 Colo. 366, 399 P.2d 242 (1965); *Corper v. City & County of Denver*, 36 Colo.App. 118, 536 P.2d 874 (1975), *aff'd*, 191 Colo. 252, 552 P.2d 13 (1976).

The trial court erred in not dismissing the action on respondents' motion, based on the employer's failure to exhaust its administrative remedies and the consequent lack of jurisdiction in that court over the subject matter of the action. *Moschetti v. Liquor Licensing Authority, supra.* The judgment is set aside and the cause is remanded to the trial court with directions to grant respondents' motion to dismiss.

SMITH and BERMAN, JJ., concur.