**L.G. EVERIST, INC.,**
**Plaintiff-Appellant,**

v.

**The WATER QUALITY CONTROL COMMISSION OF the COLORADO DEPARTMENT OF HEALTH, The Division of Administration of the Colorado Department of Health, and The Colorado Department of Health, Defendants-Appellees.**

**No. 84CA0899.**

Colorado Court of Appeals,
Div. III.

Jan. 30, 1986.

Gorsuch, Kirgis, Campbell, Walker & Grover, Robert J. Kapelke, Arun Das, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., L. Cary Unkelbach, Asst. Atty. Gen., Denver, for defendants-appellees.

TURSI, Judge.

This is an appeal of a district court order affirming the Colorado Water Control Commission's (Commission) decision imposing civil penalties on plaintiff, L.G. Everist, Inc. (Everist). We affirm.

Everist is in the business of operating a sand and gravel mine along the Blue River in Summit County. The Water Quality Division of the Colorado Department of Health (Division) issued Everist a permit to discharge certain types and amounts of pollutants into the Blue River.

In the summer of 1978, Everist moved its mining operation from the river's west bank to the east bank of the river. As part of this move, Everist began discharging wastewater generated by its mining activity from a site different from the one authorized in its permit. This activity was brought to the attention of the Division by a local fisherman, who was also a witness at the penalty hearing. These viewings have been referred to by the parties as "inspections."

On October 18, 1978, the Division issued Everist a notice of violation and a cease and desist order. The notice cited eight days during which Everist allegedly violated its permit by discharging untreated wastewater from an active mine, by-passing its treatment facility, and failing to install at the facility a device to measure the effluent flow into the river. In the notice, the Division referred to the Water Quality Control statute which permits the imposition of civil penalties.

The notice stated that Everist was entitled to contest the allegations set out in the notice of violation by requesting a hearing within thirty days. Everist, however, failed to request such a hearing. Conse-

quently, the facts set forth in the notice became legally conclusive.

Pursuant to § 25–8–608, C.R.S. (1982 Repl.Vol. 11), the Division petitioned the Commission to impose civil penalties against Everist. On February 5, 1980, the Commission conducted a hearing to determine the amount of the penalty. Because the permit violations were conclusively established, they were not at issue in this hearing.

After the hearing, the Commission imposed an $80,000 civil penalty; however, $40,000 was suspended on the condition that Everist not violate its permit before March 31, 1981. The Commission also reimposed a $2,000 penalty that had been suspended in 1977.

On March 21, 1980, Everist filed a complaint and petition for review in the district court seeking reversal of the Commission's decision. On January 20, 1982, the trial court granted defendant's motion to dismiss portions of the complaint. After a hearing on the merits, the trial court entered judgment on the remaining issues in favor of the defendants.

I.

It is first alleged that the trial court erred by granting the Commission's motion to dismiss portions of Everist's complaint. We disagree.

Actions of the Water Control Commission are agency actions subject to the doctrine of exhaustion of administrative remedies. "[B]efore there can be any recourse to the courts in an administrative matter, there must be an exhaustion of the administrative remedies." *Moschetti v. Liquor Licensing Authority,* 176 Colo. 281, 490 P.2d 299 (1971).

█Pursuant to § 25–8–602, C.R.S. (1982 Repl.Vol. 11), an alleged violator must answer each alleged violation. Additionally, he may request a hearing to challenge the notice of violation. Because Everist did not avail itself of the opportunity for a hearing, the facts as alleged in the notice of violation are conclusively presumed to be correct. *See Howard v. Public Utilities Commission,* 187 Colo. 138,

528 P.2d 1303 (1974). Thus, there was no error in the trial court's dismissal of portions of Everist's complaint.

Everist further alleges that its failure to request a hearing within the prescribed thirty-day period should be excused because the notice of violation did not indicate that civil penalties would be sought. This contention is also without merit. There is no requirement in § 25–8–602(1), C.R.S., that notice of possible civil penalties be given.

II.

█ Everist claims that it was denied due process because of the admission and use of evidence regarding inspections of which it had no notice. As to the existence of the permit violations, this claim is moot because of Everist's failure timely to request a hearing.

Similarly, we find no denial of due process regarding the use of this evidence in determining the civil penalties to be assessed against Everist. The inspections in this case were conducted by a nongovernmental individual. Due process does not require that notice of inspections be provided after observations made by a private individual. *Compare Air Pollution Variance Board v. Western Alfalfa Corp.,* 191 Colo. 455, 553 P.2d 811 (1976) (notice required within a short period of time after inspection made by a governmental agent).

III.

Everist alleges that the trial court erred in finding that the Commission's order, findings, and conclusions were supported by competent evidence. We disagree.

█ Agency action is presumed valid and is to be upheld if supported by any competent evidence. *People v. Lessar,* 629 P.2d 577 (Colo.1981); *Dolan v. Rust,* 195 Colo. 173, 576 P.2d 560 (1978). In this case, the notice of violation issued to Everist must be given its full *res judicata* effect regarding the existence of the violations. Additionally, there was ample competent evidence at the hearing held to determine the civil penalty. The Commission examined the testimony of several witnesses re-

garding the effect of the violations on the Blue River. The record compiled by the Commission was relevant to its determination and competent to support its conclusions.

 Everist also suggests that the Commission exceeded its authority by examining evidence already conclusively established in the notice of violation. This evidence, however, was crucial to the Commission's determination of the nature and extent of the violations. Therefore, we conclude that the hearing in this case was within the scope of authority granted the Commission and was necessary to its determination of the civil penalty assessed against Everist.

### IV.

 Everist claims that the Commission improperly considered facts outside the record. This claim is without merit.

Everist bases this claim on a statement made by one of the board members regarding possible complaints by fishermen on the Blue River who were not witnesses. There was no evidence of these complaints in the record. While it is true that parties to an administrative hearing should have the opportunity to be confronted with all facts that influence the disposition of a case, there must be substantial prejudice shown to invalidate the agency action. *Mobile Pre-Mix Transit, Inc. v. Public Utilities Commission*, 618 P.2d 663 (Colo.1980).

The statements of the commissioner at issue in this case fall far short of constituting the degree of prejudice necessary to invalidate the action of the Commission. "There is a presumption of integrity, honesty, and impartiality in favor of those serving in quasi-judicial capacities." *Scott v. City of Englewood*, 672 P.2d 225 (Colo. App.1983). Furthermore, the record as a whole shows that the commissioners discounted this isolated statement and based their decision solely on the record.

### V.

 It is alleged by Everist that the Commission failed to follow its own guidelines concerning mitigating circumstances.

This allegation is refuted by the very fact that fifty percent of the penalty imposed was suspended, subject to Everist's future compliance with the existing rules and regulations. In light of all the circumstances in this case, we cannot say that the Commission abused its discretion or failed to consider mitigating factors in assessing Everist the penalty imposed.

### VI.

 Finally, Everist contends that the trial court erred by adopting both the findings of fact and conclusions of law submitted by the Commission. A trial court judge may adopt a party's submitted findings of fact. *Ficor, Inc. v. McHugh*, 639 P.2d 385 (Colo.1982). If such findings of fact and conclusions are supported by the evidence, they will be sustained on appeal. *Ficor, Inc. v. McHugh, supra.*

Judgment affirmed.

PIERCE and SMITH, JJ., concur.