"Al" HURRICANE, Plaintiff–Appellee,

v.

**PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO and Public Employees Retirement Board, Defendants–Appellants.**

**No. 87CA1305.**

Colorado Court of Appeals, Div. V.

Jan. 5, 1989.

Certiorari Stricken June 26, 1989.

Barry D. Roseman, Denver, for plaintiff-appellee.

Duane Woodward, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard B. Forman, Sol. Gen., and Michael J. Steiner, Asst. Atty. Gen., Denver, for defendants-appellants.

JONES, Judge.

Defendants, Public Employees' Retirement Association of Colorado and Public Employees Retirement Board (PERA), appeal the trial court's order granting the motion of plaintiff, "Al" Hurricane, for award of interest on retirement benefits earlier awarded to Hurricane by PERA. We vacate the order.

Hurricane, a former state employee, applied for disability retirement benefits from PERA in June 1980. PERA denied his application, *inter alia,* on grounds that his application was untimely and that he had lost his rights as a PERA member. Hurricane sought judicial review in this action and, in February 1983, the district court ruled:

> "[J]udgment is entered for the plaintiff and against defendant[s] and [the court] orders that defendants accept plaintiff's application for disability retirement benefits. Should plaintiff be found to be medically eligible for such benefits ... defendants [are] to pay disability retirement benefits to plaintiff."

PERA appealed, and this court affirmed the trial court in *Hurricane v. Public Employees' Retirement Ass'n,* 703 P.2d 588 (Colo.App.1984).

After the appeal process was exhausted, PERA accepted Hurricane's application, found him eligible for retirement disability benefits, and awarded him a net amount of $54,144, which sum was paid to Hurricane in March 1986.

In May 1986, plaintiff filed a motion in the district court for an award of interest "on the judgment entered in this case" in February 1983. Plaintiff claimed interest on his retirement benefit under § 5–12–102, C.R.S., and as a matter of basic equity.

The trial court granted Hurricane's motion. It opined that Hurricane was not a judgment creditor and, therefore, statutory interest could not be awarded. The court further concluded that statutory interest was not appropriate because interest may only be awarded under the statute on specific, ascertainable sums. The court concluded, however, that Hurricane was, nevertheless, entitled to "moratory interest, or interest as damages ... because plaintiff's money was wrongfully withheld by defendants." In entering its order, the trial court considered only the parties' briefs and the original pleadings concerning Hurricane's initial allegations that PERA had abused its discretion in not considering his application.

PERA contends that the trial court erred in awarding interest to Hurricane because he did not request interest in his pleadings. Additionally, PERA contends that it did not wrongfully withhold Hurricane's benefits and that, under C.R.C.P. 59 and 60, Hurricane's motion was an improper and untimely request for relief.

We do not consider PERA's contentions because we conclude that the trial court was without jurisdiction to consider the motion, as the issues therein should have been raised by Hurricane in a new request for judicial review pursuant to § 24–4–106, C.R.S. (1988 Repl.Vol. 10B), after final agency action by PERA on the issue of interest.

PERA is an instrumentality of the state. Section 24–51–201(1), C.R.S. (1988 Repl.Vol. 10B). It is run by a Board of Trustees,

§ 24–51–201, C.R.S. (1988 Repl. vol. 10B), which has authority, *inter alia,* to determine the status of members of the Association. Section 24–51–205(1), C.R.S. (1988 Repl.Vol. 10B). Decisions by the Board may be appealed through the administrative review procedures set forth in the board rules. Section 24–51–205(1).

Final decisions of the Board are subject to review only by "proper court action." Section 24–51–205(1). Moreover, such final Board action constitutes "final agency action" for purposes of the Administrative Procedure Act (APA). PERA Rule 2.20(E)(1), 8 Code Colo.Reg. 1502–1; *see* § 24–4–106, C.R.S. (1988 Repl.Vol. 10A).

In administrative matters such as this, an aggrieved party must exhaust administrative remedies before there can be legal recourse to the courts. *Hoffman v. Board of Assessment Appeals,* 683 P.2d 783 (Colo. 1984); *Moschetti v. Liquor Licensing Authority,* 176 Colo. 281, 490 P.2d 299 (1971). Indeed, failure to exhaust administrative remedies is generally a jurisdictional defect. *Gramiger v. Crowley,* 660 P.2d 1279 (Colo.1983); *Moschetti v. Liquor Licensing Authority, supra.*

If an applicant for judicial intervention has not exhausted his or her administrative remedies, the courts lack jurisdiction to grant relief. *Hoffman v. Board of Assessment supra; Gramiger v. Crowley, supra.* In other words, if the remedy of administrative appeal is available, the exhaustion of that remedy is a prerequisite to maintenance of a court action. *See North Washington Street Water & Sanitation District v. Emerson,* 626 P.2d 1152 (Colo.App. 1980).

Here, Hurricane's initial administrative claim, in which he sought disability retirement benefits, was pursued to the highest available administrative level in PERA. Subsequently, he sought, and was granted, judicial review. The district court granted judgment in favor of Hurricane and ordered PERA to accept his application for disability retirement benefits.

In May 1986, Hurricane's motion for an award of interest was filed under the same docket number in the district court which elicited the February 1983 order. However, the February 1983 order of the district court merely required PERA to accept Hurricane's application for disability retirement benefits; it did not specifically order PERA to pay any benefits to Hurricane. Subsequently, on March 10, 1986, the Board considered and approved Hurricane's application for a disability annuity.

Seeking to rely on *Montgomery Ward & Co. v. Department of Revenue,* 675 P.2d 318 (Colo.App.1983), Hurricane contends that he was not required to follow administrative procedures before seeking interest in the district court. We disagree. *Montgomery Ward* does not allow claimants to ignore the clear requirements of the APA. Nor does it hold that a motion for interest attaches to the original district court action in such a way as to obviate the rule requiring exhaustion of administrative remedies.

We conclude that Hurricane's motion for an award of interest on the annuity amount was not properly within the scope of the case decided in February 1983. Moreover, we conclude that his request for an award of interest required a separate action under the APA. This was not done.

By seeking an award of interest under the case decided in February 1983, Hurricane was, in effect, attempting to obtain judicial review without exhausting the necessary administrative remedies. *See Moschetti v. Liquor Licensing Authority, supra.* Therefore, we further conclude that the district court had no jurisdiction to entertain Hurricane's motion for interest.

The order of the district court is vacated.

PLANK and NEY, JJ., concur.