**Richard C. LEETE, M.D.,**
**Plaintiff–Appellant,**

v.

**COLORADO BOARD OF MEDICAL EXAMINERS, Defendant–Appellee.**

**No. 89CA1906.**

Colorado Court of Appeals,
Div. II.

Feb. 14, 1991.

Holland & Hart, Gregory R. Piche, Tamara K. Vincelette, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Suzanne A. Fasing, First Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge SMITH.

Plaintiff, Richard C. Leete, M.D., appeals from the dismissal of his complaint seeking declaratory relief as to the meaning of certain provisions of a prior disciplinary order of the Colorado Board of Medical Examiners (Board). The district court dismissed the complaint for lack of subject matter jurisdiction, based on plaintiff's failure to exhaust his administrative remedies with the Board. We affirm.

In 1987, disciplinary proceedings concerning plaintiff's license to practice medicine were resolved when plaintiff and the Board entered into a stipulation and order in which the Board imposed certain agreed-upon restrictions on plaintiff's practice of medicine. A dispute subsequently arose between plaintiff and the Board as to the scope of certain exceptions to the restrictions on plaintiff's practice which were set forth in one paragraph of the stipulation and order.

In 1989, an inquiry panel of the Board threatened to commence further discipli-

nary proceedings against plaintiff based on his alleged violation of the terms of the 1987 stipulation and order under the inquiry panel's construction of the disputed paragraph. Shortly thereafter, plaintiff filed a complaint in the district court seeking declaratory relief as to the scope of the exceptions contained in the disputed paragraph of the 1987 stipulation and order. No further disciplinary proceedings based on plaintiff's alleged violation of the 1987 stipulation and order were commenced or pending before the Board at any time while plaintiff's declaratory judgment action was pending in the district court.

The district court ruled that plaintiff had failed to exhaust his administrative remedies with the Board in connection with the interpretation of the 1987 stipulation and order and, therefore, dismissed the action. This appeal followed.

Plaintiff contends that the district court erred in dismissing his complaint, asserting that, prior to the commencement of any further disciplinary proceedings, there were no administrative remedies for him to exhaust as to the scope of the disputed provisions of the 1987 stipulation and order. We disagree with this contention.

We agree with plaintiff that a pre-enforcement action for declaratory relief would have been an appropriate remedy here to remove the uncertainty as to plaintiff's rights and duties under the 1987 stipulation and order. Prior to the commencement of any further disciplinary proceedings, plaintiff should not have been required to risk further disciplinary sanctions against his professional license by possibly violating the 1987 stipulation and order in order to secure an adjudication of the proper scope of the disputed provisions. *See Colorado State Board of Optometric Examiners v. Dixon*, 165 Colo. 488, 440 P.2d 287 (1968) (upholding propriety of pre-enforcement action for declaratory relief challenging validity of regulation adopted by professional licensing board).

However, plaintiff could have sought such a pre-enforcement declaratory order *from the Board* prior to seeking this remedy from the district court.

Section 24–4–105(11), C.R.S. (1988 Repl. Vol. 10A), which is part of the state Administrative Procedure Act (APA), provides that:

"Every *agency* shall provide by rule for the entertaining, in its sound discretion, and prompt disposition of *petitions for declaratory orders* to terminate controversies or to remove uncertainties as to the applicability to the petitioners of any statutory provision or of any rule or *order of the agency*. The order disposing of the petition *shall constitute agency action subject to judicial review.*" (emphasis added)

Moreover, the Board has adopted rules and regulations implementing this section of the APA by providing for a procedure for the Board to entertain such requests for declaratory orders, which are set forth at 3 Code Colo.Reg. 713–2 (1983).

The general rule is that a court lacks subject matter jurisdiction over an action if a plaintiff has not exhausted his administrative remedies prior to seeking judicial relief. *Hoffman v. Colorado State Board of Assessment Appeals*, 683 P.2d 783 (Colo.1984); *Moschetti v. Liquor Licensing Authority*, 176 Colo. 281, 490 P.2d 299 (1971). Thus, if there are complete, adequate, and speedy administrative remedies available to resolve the questions raised, a plaintiff must exhaust them prior to seeking judicial relief. *Hoffman, supra.*

Here, pursuant to the APA and the Board's regulations, the *same* pre-enforcement declaratory relief sought by plaintiff from the district court could have been sought from the Board at the outset of the dispute. If such administrative declaratory relief had been sought, plaintiff may not have had to seek any recourse in the courts at all to vindicate his position, and any order of the Board disposing of such a petition for declaratory relief would have been subject to judicial review at that time in any event. *See* § 24–4–105(11). However, plaintiff failed to pursue the administrative remedies available for seeking declaratory relief from the Board.

Accordingly, the district court properly dismissed this action for lack of subject matter jurisdiction. *See Hoffman, supra; Moschetti, supra.*

In light of this disposition of the issues, we need not address the remaining contentions of the parties.

The judgment of dismissal is affirmed.

JONES and RULAND, JJ., concur.