**Larry BUZICK, M. Lee Maurer, and William S. Daley, Plaintiffs–Appellants,**

v.

**PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION OF COLORADO, Defendant–Appellee.**

**No. 91CA1403.**

Colorado Court of Appeals, Div. II.

Sept. 24, 1992.

Rehearing Denied Oct. 29, 1992.

Certiorari Denied April 12, 1993.

Gorsuch, Kirgis, Campbell, Walker and Grover, Timothy J. Parsons, David B. Seserman, Dean C. Heizer, Denver, for plaintiffs-appellants.

Williams, Youle and Koenigs, P.C., Amy L. Benson, Sp. Asst. Atty. Gen., Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric R. Decator, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge RULAND.

Plaintiffs, Larry Buzick, M. Lee Maurer, and William S. Daley, appeal from a judgment dismissing their complaint against defendant, Public Employees' Retirement Association of Colorado (PERA), for lack of subject matter jurisdiction. We affirm.

Plaintiffs were employed as legislative analysts for the Joint Budget Committee (JBC) of the General Assembly. During their employment at the JBC, plaintiffs were enrolled in PERA and remained members for approximately nine years. According to plaintiffs, it was only after this time that they became aware of their exemption rights.

Accordingly, plaintiffs requested a refund of all employee and employer contributions made to PERA. Their request was

denied, and plaintiffs sought administrative review. Following a hearing, the Administrative Review Board adopted findings of fact and conclusions of law on January 25, 1991, and denied plaintiffs' claim. The Board also mailed a letter to each plaintiff, advising that its determination constituted final Board action.

On April 24, 1991, plaintiffs filed a complaint in district court, alleging that the Board had erred in denying their requests for reimbursement. PERA responded with a motion to dismiss, contending that the trial court lacked jurisdiction to consider the complaint. PERA argued that a complaint for judicial review under either C.R.C.P. 106(a)(4) or the state Administrative Procedure Act (APA) contained in § 24-4-106, C.R.S. (1988 Repl.Vol. 10A), must be filed within 30 days after the Board's decision. The trial court agreed and granted PERA's motion.

## I.

Plaintiffs contend that the trial court erred in dismissing their complaint for lack of subject matter jurisdiction. Specifically, plaintiffs argue that because they have an adequate remedy at law, consisting of an action for breach of contract, C.R.C.P. 106(a)(4) is not the exclusive method for review of the Board's decision. As a result, they contend that the two-year general statute of limitations contained in § 13-80-102, C.R.S. (1987 Repl.Vol. 6A) governs this case. Thus, plaintiffs assert that their complaint was timely filed. We are not persuaded.

Based upon the analysis in *Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304 (Colo.1986), both parties in effect contend that the provisions of the APA governing judicial review do not apply to the Board. To the extent that the opinion of this court in *Hurricane v. Public Employees' Retirement Ass'n*, 780 P.2d 3 (Colo.App.1989) indicates otherwise, they suggest that *Hurricane* was wrongly decided. However, it is unnecessary for us to resolve this issue.

■ Under either C.R.C.P. 106(a)(4) or § 24-4-106(4) of the APA, a complaint for judicial review must be filed within 30 days

after final agency action is taken. *See Colorado State Board of Land Commissioners v. Colorado Mined Land Reclamation Board*, 809 P.2d 974 (Colo.1991); *Greyhound Racing Ass'n of Southern Colorado, Inc. v. Colorado Racing Commission*, 41 Colo.App. 319, 589 P.2d 70 (1978).

■ Here, consistent with § 24-51-205(1), C.R.S. (1988 Repl.Vol. 10B), plaintiffs requested that the Board determine their exemption and refund claims, the Board did so and notified plaintiffs that it had taken final action on their claims. As a result, even if we assume that plaintiffs' claim sounds in contract, *see Colorado Springs Fire Fighters Ass'n v. City of Colorado Springs*, 784 P.2d 766 (Colo. 1989); *Knuckey v. Public Employees' Retirement Ass'n*, —— P.2d —— (Colo.App. No. 91CA0053, July 2, 1992), we hold that plaintiffs were required to file their complaint for judicial review within 30 days.

Contrary to plaintiffs' contention, we do not view *Flanigan v. Public Employees' Retirement Ass'n*, 191 Colo. 198, 551 P.2d 702 (1976) as support for their contention that the two-year statute of limitations applies. In *Flanigan*, the plaintiff filed a claim in district court for disability retirement benefits approximately five years after her injury occurred. The district court ruled that the plaintiff's claim for disability benefits was barred by the predecessor statute of limitations now set forth in § 13-80-102. Our supreme court upheld that determination.

Here, the issue is the time within which an appeal must be brought after the Board issues its final administrative decision, an issue which the *Flanigan* court did not address. And, contrary to plaintiffs' contention, we do not view the 1987 recodification of the PERA statutes as having approved the *Flanigan* decision for purposes of determining the applicable time frame for judicial review.

At the time *Flanigan* was decided, no provision was included in the statute for administrative review of an initial decision regarding a member's claim. In connection

with the 1987 recodification, however, specific provision was included both for administrative review of an initial decision concerning a member's claim for exemption and for review of the administrative decision "by proper court action." *See* § 24–51–205(1), C.R.S. (1988 Repl.Vol. 10B). Under these circumstances, we find no basis for concluding that the statute of limitations applied in *Flanigan* was adopted *sub silencio.*

We need not address plaintiffs' other contentions.

The judgment is affirmed.

PIERCE and REED, JJ., concur.