**MARISCOS LAS ISLITAS, INC.,**
**Plaintiff–Appellant,**

v.

**Helen C. GONZALES, in her official capacity, and the City and County of Denver Department of Excise and Licenses, Defendants–Appellees.**

**No. 04CA1158.**

Colorado Court of Appeals,
Division IV.

Sept. 22, 2005.

Pena Law Office, P.C., Alfredo E. Pena, Denver, Colorado, for Plaintiff–Appellant.

Cole Finegan, City Attorney, April L. Snook, Assistant City Attorney, Vincent A. DiCroce, Assistant City Attorney, Denver, Colorado, for Defendants–Appellees.

RUSSEL, J.

Plaintiff, Mariscos Las Islitas, Inc., appeals the judgment of the district court affirming a licensing decision by defendants, the City and County of Denver Department of Excise and Licenses and Helen C. Gonzales in her official capacity as director of the department. We affirm.

## I. Background

Mariscos is a restaurant in Denver. In 2003, Mariscos filed an application with the department for a hotel and restaurant liquor license. The department denied the application because it determined that the restaurant was located within 500 feet of a public school and was therefore ineligible under § 12–47–313(1)(d), C.R.S.2005. The department based its decision on a measurement taken by an inspector who, following a safe pedestrian route, measured 452 feet from the restaurant to the nearest point of the school property.

Mariscos asked the department to reconsider its decision on the ground that the inspector used the wrong measuring methodology, but the department refused. Mariscos asked for an evidentiary hearing, but the department did not respond.

Mariscos then sought judicial review of the department's decision under § 12–47–802, C.R.S.2005. The district court affirmed. It ruled that the department had determined the distance by the appropriate method.

Mariscos now challenges the district court's ruling.

## II. Standard of Review

When reviewing agency decisions under § 12–47–802, courts defer to the licensing authority's discretionary decisions. *See Geer v. Stathopulos*, 135 Colo. 146, 309 P.2d 606 (1957) (conducting review under predecessor statute). However, when an aggrieved party claims that an agency has erred in interpreting a statute, we review de novo. *City & County of Denver v. Bd. of Assessment Appeals*, 947 P.2d 1373, 1377 (Colo.1997).

## III. Governing Provision

Section 12–47–313(1)(d) governs Mariscos's claim:

> (1) No application for the issuance of any license . . . shall be received or acted upon:
>
> . . .
>
> (d)(I) If the building in which the malt, vinous, or spirituous liquor is to be sold is located within five hundred feet of any public or parochial school or the principal campus of any college, university, or seminary . . .
>
> (II) The distances referred to in subparagraph (I) of this paragraph (d) are to be computed by direct measurement from the nearest property line of the land used for school purposes to the nearest portion of the building in which liquor is to be sold, using a route of direct pedestrian access.

## IV. Discussion

Mariscos contends, the department concedes, and we agree that the inspector erroneously began his measurement from the restaurant, rather than from the school. But we also agree with the district court that this error was harmless. As the district court noted, Mariscos's argument ignores "the Euclidian truth that the distance along any given path between two points is the same regardless of the direction the measurer chooses to travel."

Mariscos's more serious contention concerns not the direction of travel, but the point of departure. To simplify the explanation, we employ the following schematic:

Mariscos contends that, because the investigator began at the restaurant, he incorrectly stopped when he reached the nearest point on the school property line. (This is point B on our map.) Had the investigator begun his journey at the school, Mariscos argues, he would have started at the point that is nearest to the restaurant as the crow flies. (This is point A on our map.) The distance between this point (A) and the restaurant is more than 500 feet, following the pedestrian route.

We disagree with Mariscos, even though its position is arguably supported by language in *Moschetti v. Liquor Licensing Authority*, 176 Colo. 281, 490 P.2d 299 (1971).

In *Moschetti*, a local authority granted permission to transfer a liquor store license to a new location. A competitor challenged this decision on the ground that the proposed store would be located within 500 feet of a school. The local authority approved the transfer, even though the proposed store was in a shopping center adjacent to the school's campus. Reasoning that the statute requires measurement along a route of "direct pedestrian access," the authority measured the distance, not from the adjacent property line, but from the nearest pedestrian gateway into the campus. This distance, determined the authority, was more than 500 feet.

The supreme court rejected this approach. It held that the modifying language—"using a route of direct pedestrian access"—modified only the phrase, "to the nearest portion of the building in which liquor is to be sold." Consequently, held the court, "the measurement would proceed from the point *nearest* the proposed liquor store on the property line of the school, by direct pedestrian route." *Moschetti v. Liquor Licensing Auth., supra,* 176 Colo. at 287, 490 P.2d at 302.

We acknowledge that this language—pulled from its context and applied mechanically—would entitle Mariscos to prevail here. Strictly speaking, Mariscos is asking for a measurement that begins at the point on school property that is nearest the restaurant. But we conclude that *Moschetti* does not apply as Mariscos contends.

We are asked to choose between two potential starting points that are both on the "nearest property line." *Moschetti* does not control our choice because it answered a different question. There, the court was asked to decide whether the measurement should begin at the nearest property line, notwithstanding the lack of direct pedestrian

access into the campus, or from a more remote pedestrian gateway. In *Moschetti*, there was no meaningful difference between (1) the point on the adjacent school property line that was nearest to the proposed store as the crow flies, and (2) the point on the adjacent school property line that was nearest to the proposed store on foot.

Because *Moschetti* does not control here, we must decide the issue in the first instance. We hold that the measurement should begin at the point on the school property line that is nearest to the restaurant for a pedestrian, even though another point on the property line may be closer to the restaurant as the crow flies. Our decision rests on three observations.

First, the statutory method of measurement is based on a pedestrian route, rather than strict proximity. It is consistent with the statutory language and scheme to begin measuring from the point that is nearest for pedestrians.

Second, unlike a statute that regulates noise or noxious fumes, the purpose of this statute—to protect schoolchildren from liquor and intoxicated customers—would not be furthered by measuring from a point that is determined on the basis of strict proximity.

Third, if applied as Mariscos urges, the language of *Moschetti* would create the very problem that the supreme court sought to correct. That is, even though it is less than a 500-foot walk from school property to the restaurant, the measurement would be artificially increased by requiring the department to begin measuring from a point that is farther away.

We therefore conclude that the district court correctly upheld the department's measuring methodology. In light of this determination, we further conclude that the court properly declined to order the department to hold an evidentiary hearing.

The judgment is affirmed.

Judge CASEBOLT and Judge LOEB concur.